UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| In re: | Case No.: 9:13-bk-05229-FMD |
| James M. Paul | Chapter 7 |
| and | |
| Charlene F. Paul, | |
| Debtor(s). | |
| _____/ | |
| Mark Manta, | |
| Plaintiff, | |
| vs. | Adv. No. _____ |
| James M. Paul | |
| and | |
| Charlene F. Paul, | |
| Defendant(s). | |
| _____/ | |

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS
(11 U.S.C §523)**

COMES NOW, the Plaintiff, Mark Manta, a creditor in the above captioned matter, by and through the undersigned attorney, and files this Complaint Objecting to Dischargeability of Indebtedness against the Defendants, James M. Paul and Charlene F. Paul, pursuant to 11 U.S.C. §523(a), and in support thereof states as follows:

**JURISDICTION AND PARTIES**

1. This is an adversary proceeding brought pursuant to Fed. R. Bank. 7001 and 11 U.S.C. §523.

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

3. This adversary proceeding is a core proceeding, under 28 U.S.C. §157, and arising in the above-referenced bankruptcy case.

4. The Defendants filed for bankruptcy on April 23, 2013. The Defendants' bankruptcy case number is 9:13-bk-05229-FMD.

5. Plaintiff is a creditor in this matter, and in the Defendants' above captioned bankruptcy case.

6. Plaintiff is a former business associate of the Defendant, James M. Paul.

## CAUSE OF ACTION

7. The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-6 above.

8. 11 U.S.C. §523(a)(2) of the Bankruptcy Code excepts from discharge money, property, services, or an extension, renewal, or financing of credit, to the extent obtained by false pretenses, false representation, or actual fraud.

9. On or before February of 2005, Defendant James M. Paul and another individual, Kevin Keough, approached Plaintiff to solicit his investment in the Illinois real estate market to develop various parcels of real estate. According to the agreement between the parties, the Plaintiff would contribute monies directly to Paul or Keough, and to various business entities established by Paul and Keough, with the purpose of purchasing and developing real estate in the Illinois area.

10. In consideration of the the monies provided by the Plaintiff, he would receive 17.5% of the profits derived from the real estate developed by the parties to the agreement. The Plaintiff's 17.5% interest was half of the aggregate 35% interest that he and Keough were to have in the business.

11. The Plaintiff orally agreed with Paul and Keough's proposal, and the parties orally agreed that Paul would be responsible for maintaining and keeping the books and records pertaining to the business activities, and the business dealings with the various entities established by Paul and Keough.

12. Thereafter, relying upon the Defendant Paul's false pretenses, false representations and actual fraud, the Plaintiff transferred more than $1.1 million to Paul, Keough, and to individuals and business entities specified by Paul and Keough.

13. The monies that the Plaintiff transferred to Paul, Keough, and to the specified business entities established by Paul and Keough, was to be used to purchase, own, finance, develop, or sell real property in the Illinois area.

14. On or about February 28, 2005, the Plaintiff transferred $182,694.00 to Keough.

15. On or about November 23, 2005, the Plaintiff transferred $201,627.40 to Keough.

16. On or about March 8, 2006, the Plaintiff transferred $23,437.50 to Keough.

17. On or about April 6, 2006, the Plaintiff transferred $355,644.49 to to a business entity designated by Paul and Keough.

18. On or about May 11, 2006, the Plaintiff transferred $256,375.00 to Paul.

19. On or about October 1, 2006, the Plaintiff transferred $64,950.00 to a business entity designated by Paul and Keough.

20. On or about December 28, 2006, the Plaintiff transferred $12,950.00 to Paul.

21. On or about March 30, 2007, the Plaintiff transferred $12,500.00 to Paul.

22. On or about August 15, 2007, the Plaintiff transferred $75,000.00 to a business entity

designated by Paul and Keough.

23. On or about January 3, 2008, the Plaintiff transferred $26,250.00 to a business entity designated by Paul and Keough.

24. On or about May 12, 2008, the Plaintiff transferred $25,000.00 to business entities designated by Paul and Keough.

25. On or about August 12, 2008, the Plaintiff transferred $3,019.00 to a business entity designated by Paul and Keough.

26. Each of the transfers detailed in Paragraphs 14 through 25 were made by the Plaintiff at the request of Paul and Keough, and the funds were to be used in furtherance of the real estate development.

27. Using the funds supplied by the Plaintiff, upon information and belief, Paul, Keough, and various entities established by Paul and Keough, were to purchase and develop several parcels of real estate in the Illinois area.

28. Each of the transfers detailed in Paragraphs 14 through 25 were made by the Plaintiff based upon the Defendant Paul's false pretenses, false representations, and actual fraud.

29. On or about April 25, 2011, Paul informed the Plaintiff that one of the real estate investments had been determined to be a complete loss.

30. Thereafter, the Plaintiff had requested a complete accounting of the real estate investments and dealings with the various entities established by Keough and Paul. The Plaintiff further requested a copy of the business books and records so that he could inspect them.

31. Defendant Paul has refused to provide an accounting of the funds that the Plaintiff

contributed, and has refused to provide the Plaintiff access to the books and records pertaining to the real estate investments.

32. Despite his substantial contribution of over $1.1 million dollars, Plaintiff has never received any profits derived from the investments, nor has he seen a return on any money contributed to Paul, or to the various business entities established by Paul. Plaintiff has never received an accounting of the money he contributed.

33. Despite the Defendant's promises and representation, the Plaintiff believes that the majority of the funds provided to Paul, and to the various business entities established by the Paul were never used to purchase or develop real estate.

34. The Defendant's promise of a 17.5% return derived from the real estate development profits, failure to comply with that promise, and failure to provide the Plaintiff with any records of his investment, constituted false pretenses, false representations, and actual fraud.

35. Pursuant to 11 U.S.C. §523(a)(4) of the United States Bankruptcy Code, a debt incurred by a debtor who perpetrates fraud or defalcation while acting as a fiduciary shall be nondischargeable.

36. By reason of their status as business associates, the Defendant owed the Plaintiff fiduciary duties, including the duties of care and loyalty.

37. The Defendant's refusal to provide the Plaintiff with access to their business's books and records constitutes a breach of his fiduciary duties to the Plaintiff.

38. The Defendant's refusal to provide the Plaintiff with an accounting of the funds that the Plaintiff contributed to the Defendant and his various business entities constitutes a breach of the

fiduciary duties owed to the Plaintiff.

39. The Defendant's failure to provide the Plaintiff with any profits derived from the Partnership constitutes a breach of fiduciary duties owed to the Plaintiff.

40. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered damages in an amount believed to be more than $1.1 million which should be exempted from discharge in the Defendants' bankruptcy case.

41. Based on the foregoing fraud and defalcation, said debt now due to the Plaintiff by Defendant is non-dischargeable pursuant to 11 U.S.C. §523(a)(2) and 11 U.S.C. §523(a)(4).

42. The Plaintiff has retained Martin Law Firm, P.L. to represent him in this action and is obligated to pay that firm a reasonable fee for that services.

WHEREFORE, the Plaintiff requests this honorable court enter an order granting (1) monetary judgment against the Defendants for $1,116,009.98; (2) determining that such debt is nondischargeable under 11 U.S.C. §523(a)(2) and 1 U.S.C. §523(a)(4); (3) awarding attorneys' fees and costs incurred herein; and (4) awarding the Plaintiff such additional relief as this Court deems just and equitable.

MARTIN LAW FIRM, P.L.,
By /s/ Jonathan M. Bierfeld
  Jonathan M. Bierfeld
  Florida Bar Number 68237

3701 Del Prado Boulevard S.
Cape Coral, Florida 33904
(239) 443-1094 (Telephone)
(239) 443-1168 (Facsimile)
jonathan.bierfeld@martinlawfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 29th, 2013, a copy of the foregoing Complaint Objecting to Dischargeability has been furnished either electronically or by U.S. Mail to the U.S. Trustee at 501 East Polk Street, Suite 1200, Tampa, Florida 33602; Chapter 7 Trustee, Robert E. Tardif, Jr., PO Box 2140, Fort Myers, FL 33902; Attorney for Debtors, Richard J. Hollander, Miller & Hollander, 2430 Shadowlawn Dr., Ste 18, Naples, FL 34112, Plaintiff Mark Manta, 13249 Lahinch Drive, Orland Park, IL 60462, and Debtors James and Charlene Paul, 25634 South Kensington Lane, Monee, IL 60449..

MARTIN LAW FIRM, P.L.,
By /s/ Jonathan M. Bierfeld
   Jonathan M. Bierfeld
   Florida Bar Number 68237

3701 Del Prado Boulevard S.
Cape Coral, Florida 33904
(239) 443-1094 (Telephone)
(239) 443-1168 (Facsimile)
jonathan.bierfeld@martinlawfirm.com
*Attorneys for Plaintiff*